UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE:<br><br>JOSEPH P. SHAINE,<br><br>        Debtor | CHAPTER 13<br>CASE NO. 23-40650-EDK |

## **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

To the Honorable Elizabeth D. Katz, U.S. Bankruptcy Judge:

Now come Barbara Sennett, Hans Wager, and J. Doe,[1] creditors and parties-in-interest herein (collectively, "Creditors"), by and through their undersigned Counsel, and hereby object to confirmation of the Debtor's Proposed Chapter 13 Plan. As grounds therefore, Creditors state as follows:

1. Creditors are holders of a claim against the Debtor, among other non-filing co-debtors, arising from injuries caused by the Debtor.

2. The Claim is presently pending in the Middlesex County Superior Court as Case No.: 2381CV01291 (the "Civil Case"). The Debtor was defaulted by the state court pre-petition. However, judgment and a damages award has not yet entered. Creditors are seeking judgment in the amount of $4,121,000.00 (plus fees and costs). The Civil Case has been stayed against all defendants by operation of 11 U.S.C. §§ 362 and 1301.

3. On August 9, 2023, the Debtor commenced these proceedings by filing a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*, the "Code").

4. On September 21, 2023, the Debtor filed his Chapter 13 Plan (Doc. 20, the "Plan").

---

[1] J. Doe is a pseudonym. J. Doe is a minor child whose name is therefore redacted pursuant to Fed. R. Bankr. P. 9037.

5. The Plan proposes, in relevant part: (1) a monthly payment of $150.00 made over the thirty-six-month term of the plan; and (2) the sale of real property located at 9 North End Road, Townsend, Massachusetts, which the Debtor estimates will total $50,000.00.

6. The Debtor's Schedules I and J indicate that the Debtor currently has disposable income of -$1,231.37.

7. Therefore, the Debtor does not appear able to make his monthly $150.00 plan payments[2] rendering the Plan infeasible pursuant to 11 U.S.C. § 1325(a)(6) and confirmation should, therefore, be denied.

8. Furthermore, the Debtor has left much of his personal property, including but not limited to: household goods and furnishings, household electronics, artwork, and assorted collectibles, without assigned values. Therefore, until the Debtor provides valuations for all of those items and, presumably, claims exemptions thereto, it is impossible to determine whether the plan satisfies the best interests of creditors test pursuant to 11 U.S.C. § 1325(a)(4). Confirmation should therefore either be denied outright, or at least withheld until such time as the Debtor demonstrates compliance with this statutory dictate.

9. Additionally, while the Creditors have no objection with a sale of 9 North End Road *per se*, no timeline has been proposed regarding such sale and no real estate broker has been employed to market and sell the property, leaving the prospect of a sale at the value proposed entirely speculative.

10. The Creditors reserve the right to amend this Objection and/or further Object to this Plan and/or any further Modified and/or Amended Plan, filed by the Debtor in the event that

---

[2] The Debtor does note on Schedule I, and testified at his 341 Meeting, that he hopes to receive Social Security income of around $1,000.00/month. However, as the Debtor, upon opinion and belief, has not yet begun receiving such income, the prospect of the Debtor receiving such income is purely speculative at this time, and would likely still leave the Debtor unable to make his monthly $150.00 plan payments.

the Debtor seeks to alter the Part 8 language, regarding a speculative sale of the Property in a manner not contemplated by the Code and/or approved by Creditors beforehand.

11. Lastly, this appears to be a "fee only" plan.

12. According to the Plan, Debtor's Counsel received a pre-petition retainer of $10,000.00 and expects administrative expenses (consisting entirely of attorney's fees and costs) to total $50,000.00, with a $5,555.56 commission to the Chapter 13 Trustee.

13. According to Exhibit 1 of the Plan, the Debtor intends to pay only these fees and costs, along with the Chapter 13 Trustee's commission, leaving creditors with nothing.

14. The First Circuit Court of Appeals has held that such fee only plans should not be confirmed, except for in "special circumstances, albeit relatively rare," in which the debtor, "who submits such a plan carries a heavy burden of demonstrating special circumstances that justify its submission." *Berliner v. Pappalardo (In re Puffer)*, 674 F.3d 78, 83 (1st Cir. 2012).

15. Creditors submit that there are no circumstances which justify such a fee only plan and that the Plan was, therefore, submitted in bad faith in violation of 11 U.S.C. § 1325(a)(3).

16. Creditors respectfully submit that a Plan that proposes to pay creditors nothing, while paying a seemingly-extraordinarily large fee[3] to Debtor's Counsel, has been proposed in bad faith and that confirmation should therefore be denied.

*WHEREFORE*, the Creditors respectfully request that this Honorable Court deny Confirmation of the Debtor's Chapter 13 Plan and Order the Debtor to file an Amended Plan addressing the Creditors' Objection.

---

[3] Although Debtor's Counsel's total fee is not at issue before the Court at this time, it is worth noting at this juncture that the Debtor believes he will pay his Counsel a total of $60,000.00, exceeding the so-called "no-look amount" (MLBR 13-7(g)) by a factor of 9, and is an issue of great concern for Creditors.

Respectfully submitted,
The Creditors,
Barbara Sennett,
Hans Wagner, and
J. Doe

By their attorney,

/s/ Cynthia R. Ravosa
Cynthia R. Ravosa, Esquire
Massachusetts Bankruptcy Center
One South Avenue
Natick, MA 01760
(508)-655-3013
(617) 720-1104 (fax)
BBO No. 696996

Dated:  October 10, 2023    massachusettsbankruptcycenter@gmail.com

4

# CERTIFICATE OF SERVICE

I, Cynthia R. Ravosa, Esq., counsel for the Creditors Barbara Sennett, Hans Wagner, and J. Doe, hereby certify that on this 10th day of October, 2023, I served the foregoing *Objection to Confirmation* by causing a true copy thereof to be delivered electronically to:

**Notice will be electronically mailed to:**

Carl D. Aframe on behalf of Debtor Joseph P. Shaine
aframe@aframebarnhill.net, connole@aframebarnhill.net;aframe@ecf.courtdrive.net

Richard King
USTPRegion01.WO.ECF@USDOJ.GOV

David A. Mawhinney-Ch13
davidmawhinney@ch13worc.com

Cynthia Ravosa on behalf of Creditor Barbara Sennett
massachusettsbankruptcycenter@gmail.com, MassachusettsBankruptcyCenter@jubileebk.net

Cynthia Ravosa on behalf of Creditor Hans Wagner
massachusettsbankruptcycenter@gmail.com, MassachusettsBankruptcyCenter@jubileebk.net

Cynthia Ravosa on behalf of Creditor J. Doe
massachusettsbankruptcycenter@gmail.com, MassachusettsBankruptcyCenter@jubileebk.net

Dated: October 10, 2023

    /s/ Cynthia R. Ravosa
    CYNTHIA R. RAVOSA